THE FIRST NATIONAL BANK OF GALESBURG

*v.*

WILLIAM DAVIS *et al.*

*Filed at Ottawa January 23, 1884.*

1.  PROMISSORY NOTE—*construed, as to the real payee, in equity, from the circumstances and intention of the parties.* A and B being liable to a bank by their note, then due, in which A was principal and B surety, only, B made his note for the sum due the bank, with one year's interest, payable to A, in one year, secured by mortgage on real estate, to be, and which was, indorsed by A to the bank in payment of the note of A and B. On a bill to foreclose the mortgage, B contended that as he owed A nothing, the bank could not enforce the latter note and mortgage: *Held,* that the defence was untenable,—that the note being intended as a payment to the bank, might be held given to the bank directly.

2.  USURY—*reserving interest on interest in advance.* A party indebted to a bank in the sum of $8000, for forbearance gave a new note for $8880, of which $800 was for the first year's interest, and $80 was interest on the interest: *Held,* that the transaction was usurious, under the statute, and that on the maturity of the note only $8000 was collectible.

3.  If a party should give his note to a bank for the principal debt, due in one year, and pay the first year's interest in advance, and the bank, under an understanding to that effect, should immediately loan the interest so advanced, to the party, taking another note from him for that sum with one year's interest added thereto, the transaction could not be sustained. The courts would hold such an arrangement a mere device and trick to cover the real transaction, which is to give the bank more than ten per cent interest.

4.  SAME—*extent of forfeiture.* Under the statute in force in 1876, the reserving to the creditor in a note or contract more than the lawful rate of interest, works a forfeiture only of the interest contracted to be received, which is the interest provided up to the maturity of the debt, from which time, there being no provision in the contract for further forbearance, the debtor will be liable for interest on the principal at the rate of six per cent.

5.  A provision in a note in which usury is reserved, for the payment of ten per cent interest on the face of the note after its maturity, is not such an absolute contract for forbearance as to incur a forfeiture of interest after maturity, at six per cent.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

On November 4, 1876, the bank held the note of Davidson and Davis for the sum of $8000, given six months before that day, and payable on that day, with interest after due at the rate of ten per cent per annum. The debt was really the debt of Davidson, and as between the makers, Davis was merely bound as security for Davidson's debt. Davidson was not prepared to pay the note at maturity, and by agreement of parties Davis executed to Davidson his note of that date for $8880, payable one year from date, with interest after due at ten per cent per annum, and Davis and his wife made a mortgage, to secure the payment of this $8880 note, upon certain lands owned by Davis' wife. Davidson indorsed upon the back of this note a guaranty that the note should be paid at maturity. The note, so indorsed, and the mortgage, were then delivered to the bank, and the old note of Davidson and Davis was produced by the bank and cancelled. Payments were made on this note from time to time, in 1878 and 1879, by Davidson, which were indorsed upon the note, amounting to something over $3000. This is a bill in chancery, exhibited by the bank in the circuit court of Knox county, for a foreclosure of that mortgage, for the amount apparently due and unpaid upon this note, given November 4, 1876, for $8880, and interest after due, as above stated. Davis and his wife and Davidson, and others who had some interest in the land mortgaged, were made defendants. The only controversy in the case relates to the amount chargeable upon the land by reason of the mortgage.

Davis and his wife in their answers set up that the transaction was usurious, and also that they owed Davidson nothing, and that the bank can assert no claim against the land which Davidson could not set up had he retained the note. The court, upon the facts stated, referred the case to the master to report the amount to be decreed against the land, and holding the transaction to be usurious, directed the master to reject $880 from the face of the note, charging the

land with $8000, without interest, less the amount of the several payments, allowing no interest upon the payments, and on that basis the master made his report, which, though excepted to, was approved, and a decree of foreclosure passed for the sum of $4128.47. From this decree the bank appealed to the Appellate Court, assigning errors. Davis and his wife assigned cross-errors. The decree was there affirmed, and the bank brings the record here for review.

Mr. L. DOUGLAS, for the appellant:

The bank was authorized to discount notes, etc., at the rate of interest allowed by the laws of this State, taking interest in advance. U. S. Stat. sec. 5197.

Forfeiture of the entire interest takes place only when the taking, receiving and charging a greater rate of interest than is allowed in the section above cited is knowingly done. U. S. Stat. sec. 5198.

This case must be determined by the act of Congress. *Tiffany* v. *National Bank,* 18 Wall. 413; *First National Bank* v. *Lamb,* 17 Barb. 429.

These parties dealing with this bank, and offering the note for discount, were bound by the custom and usages of the bank, whether they had notice or not. *Bank of Washington* v. *Triplet,* 1 Pet. 16; *Fowler* v. *Brantly,* 14 id. 318.

The law of this State does not make the taking of interest in advance usurious. *McGill et al.* v. *Ware,* 4 Scam. 21; *Mitchell* v. *Lyman,* 77 Ill. 525; *Goodrich* v. *Reynolds,* 31 id. 498.

Mr. E. P. WILLIAMS, and Mr. G. W. THOMPSON, for the appellees:

The bank, under its charter, could not make a loan on real estate. U. S. Stat. sec. 5137.

The debt the mortgage was given to secure, not being a preëxisting debt, the mortgage is void and will not be en-

forced. *Fridley* v. *Bowen*, 87 Ill. 151; *Fowler* v. *Scully*, 72 id. 456; *First National Bank* v. *National Bank*, 2 Otto, 122.

Appellant's counsel gives but a part of section 5197 of the United States law. That allows such banks to take and receive interest the same as State banks are allowed, and the quotation does not state the law correctly. If a State has interest laws, they must govern; but Congress has not said National banks may charge and reserve interest at the rate allowed by the State, in advance. The penalties for usury is the same under both the State and Federal statutes.

Discounting paper, and buying paper, are not synonymous terms. National banks have power to discount, but not to buy paper. To discount is to take the paper of the maker, or accommodation paper, presented by an indorser, and advance the money on it at the same time of making the discount. The word "discount" means to hold back the interest in advance at the time of making the loan. Morse on Banking, 17.

The first case cited from our State reports was under a statute giving a forfeiture of three-fold the whole interest. To avoid heavy penalties the courts have ever given such laws a strict construction. *Hamill* v. *Mason*, 51 Ill. 490.

Mr. Justice Dickey delivered the opinion of the Court:

The position, of Davis and wife, that, as in equity they owe Davidson nothing therefore the bank can claim nothing, is not tenable. In chancery the substance, and not the mere form, is regarded. While in form this was a note and mortgage to Davidson, it was, with the indorsed guaranty, made for the purpose of securing to the bank the debt of $8000, to be paid, with interest, at the end of the year. The doctrine they contend for has no application to such a case.

The taking of the note for $8880 is defended by counsel for the bank as free from usury, upon the ground that the Banking law of the United States expressly authorizes the

bank to reserve interest on loans at the rate of interest authorized by the interest laws of the State as to transactions between natural persons. It is contended that the bank might lawfully have demanded and received $800 in cash, as interest in advance upon the $8000 of principal extended for one year, and then it might lawfully have lent to Davidson the $800 in cash so received, for one year, and taken their note for $880, payable in one year, without interest,—and it is insisted that what was done was the same thing in substance, the difference in the result being merely that the amounts to be paid at the end of the year are embodied in one note instead of two. It is true it has been held by the courts of this and other States that an agreement to take interest in advance is not usurious, but it is hard to defend that position by sound reasoning. That doctrine stands as *stare decisis,* upon authority only, and can be carried no further than the decisions have already gone. By the authorities, if Davidson or Davis had paid, when this note was given, $800 in advance, as interest upon the $8000 for one year, and the note had then been taken for $8000, at one year, without interest, until after maturity, there would have been no usury in that; and after receiving the $800 in that way, in good faith, so that the bank might loan the same or refuse to do so, the bank might lawfully have lent the $800 to Davidson, and might lawfully have either taken a separate note for the $880, or have merged the two notes into one, and made a note for $8880, without violating the usury statute. In this case it is not perceived that the difference consists merely in the fact that one note is taken for the aggregate instead of two notes. If, however, it were a part of the agreement of the parties in the case put, that as soon as the $800 was paid in for advance interest, it should at once be loaned back to the debtor and a separate note taken for $880, it is not conceived that such a transaction could be sustained. Courts would hold such an arrangement a mere

device and trick to cover the real transaction, which, by the agreement, gives the creditor more than ten per cent interest, and is clearly usurious. The only reason occurring to the writer for the support of such a distinction has relation to public policy. The weakness of debtors will often lead them to make improvident promises to secure the present possession of money, or to put off the evil day when debts are due, which they would not do if they were able to pay as they go. Be this as it may, we regard the toleration of taking interest in advance at the highest rate allowed by law, as an artificial rule, resting upon long usage and authority, unsupported by any sound reasoning, and can not consent to take that artificial rule as the basis of a philosophy by which a like rule may be extended to cases not within the artificial rule. The circuit court was right in holding the note usurious.

It is not so plain, however, that appellee ought not to have been charged, in making up the amount due upon this mortgage, with lawful interest upon $8000 (the principal of the note) from and after maturity. The statute in force at that time provided that if any person shall contract to receive a greater rate of interest than ten per cent, such person shall forfeit the whole of said interest so contracted to be received, and shall be entitled only to recover the principal sum due to such person. The note of Davis, given for $8000 principal and $880 interest, dated November 4, 1876, payable one year after date, was a clear contract, binding upon both parties,—on the creditor, to forbear for one year, and upon the debtor, to pay $880 for that forbearance. This much, as interest, the creditor contracted to receive. This being more than the rate allowed by law, this $880 was clearly forfeited, and the creditor could not, at maturity of the note, recover more than the principal,—that is, $8000.

By section 2 of the Interest act it is provided: "Creditors shall be allowed to receive at the rate of six per centum per annum for all moneys after they become due on any bond,

bill, promissory note, or other instrument in writing." Now, by the provisions of section 6, when applied to this note, there was due on this note on November 4, 1877, the sum of $8000, and Davis, by his guaranty, became on that day liable to pay to the bank that sum upon this contract, although it was usurious, and by section 2 that sum bears interest from that day, at six per cent. It is true, section 6 says the creditor in such case can "only recover the principal sum due,"— that is, upon the principal sum as due, when by this section, under the contract, it became due.

The question arises, does the provision in the note that it shall bear ten per cent after maturity, debar the bank from claiming interest upon the sum that was at the maturity of the note lawfully due? We think not. There is no agreement for any forbearance after maturity. This court has treated provisions for interest after due, as stipulated damages. That promise is not strictly an agreement to receive interest at that rate after due, for the creditor was not bound to forbear a day after maturity. The most that can be said, is that it is a contingent agreement, which, if not usurious, might be enforced upon the happening of the contingency, but still is not, at its making, such an absolute contract as is necessary to incur a forfeiture, and therefore it should not be regarded as subjecting the party to forfeiture in that regard. This contingent contract was, however, unlawful, for the amount mentioned (that is, ten per cent upon $8880,) was more than the law allowed, for by law only $8000 was due. Being unlawful, the court should not enforce it; but not being such a contract as under the statute carries with it a forfeiture, it should be disregarded. The case, we think, especially in view of the long delay, should be treated as though the note was simply to pay $8000 at maturity of the note, and interest should run from that date, at six per cent. As we have seen, upon the contract, usurious as it was, there was by law due and payable upon this paper on November 4,

1877, the sum of $8000. On this sum, so long as unpaid, Davis ought to be charged with interest at six per cent per annum, and at the same rate, from time to time, upon the unpaid part thereof, from the time of its reduction by payment. The decree of the circuit court ought to have been reversed for not regarding this feature of the case.

The judgment of the Appellate Court is reversed, and the cause remanded, that the decree of the circuit court be there reversed and the cause sent to the circuit court, that the account may be stated in accordance with this opinion, and for such other proceedings as justice may require.

*Judgment reversed.*

SHELDON, Ch. J., and CRAIG, J.:

Under the decisions in this State there is no usury in taking the legal rate of interest in advance for no longer time than one year. (*McGill* v. *Ware,* 4 Scam. 21; *Goodrich* v. *Reynolds,* 31 Ill. 490; *Mitchell* v. *Lyman,* 77 id. 525.) Ten per cent was a lawful rate of interest at the time the note was given.

It was the practice of appellant, in its loans, to receive interest in advance. In the four successive instances of the original loan in this case of $8000, and its three renewals, the interest had been paid in advance. On the further renewal on November 4, 1876, the interest was not formally paid in advance, but it was made equal to that by giving a note for $8880, payable at the end of one year. That was no more than might have been realized from lawful interest, had the interest for one year been paid in advance. Or, if Davis and Davidson had had their note for $8880, at one year, discounted by the bank, and with the proceeds taken up their overdue note of $8000, the bank, at the discount rate of ten per cent, would have not paid to them more than $8000. Indeed, the note should have been for $8888, to have given $8000 on such discount. Although the transaction was not in form a loan of $8000, with the interest paid

in advance, and a loaning of such interest, or the discount of a note for $8880, it might, in its essential character, be viewed as either one of such, under a favorable construction, which would impute innocence rather than wrong.

As the note calls for no more than, upon a ten per cent discount of it, would have yielded $8000, (the sum which the bank paid appellees by the surrender of their old note of that amount,) or than could have been lawfully realized upon the loan of $8000, with the interest paid in advance, and the loan of such interest, we think there need not be put upon it the construction of being usurious. We therefore disagree with the opinion on the point of there being usury.

SCOTT and WALKER, JJ.: We concur in holding the transaction was usurious, but dissent from all other views expressed in the opinion, and from the judgment of reversal. We think the judgment should be affirmed.