## LEVI BRESSLER ET AL.
v.
## GEORGE W. HARRIS ET AL.

1. RATE OF INTEREST.—In this State, where a note draws a certain rate of interest from date, that same rate continues until paid.

2. USURY—FORFEITURE OF INTEREST.—Where a suit is brought upon a promissory note for money loaned, in the making of which the payee contracted to receive more than legal interest, and the defense of usury is successfully interposed, all interest in such case should be forfeited that accrued subsequently to the time the note became due, as well as the usury first taken, which ran to the date of the note.

3. RENEWAL OF NOTE—DIFFERENT PAYEE—PURGING NOTE OF USURY.—The court is of opinion that the transaction in this case was not purged of usury that existed in the original transaction, but as far as the amount due to Martin upon the giving of the new note, January 22, 1872, after deducting the prior usury, is concerned, that sum should be regarded as having been purged of usury, so that it would draw interest from that date at ten per cent. as specified in the note.

APPEAL from the Circuit Court of Whiteside county ; the Hon. WILLIAM BROWN, Judge, presiding. Opinion filed April 5, 1886.

Messrs. J. & T. DINSMORE, for appellants ; cited Stockham v. Munson, 28 Ill. 51 ; Hefner v. Vandolah, 62 Ill. 483 ; Reinback v. Crabtree, 77 Ill. 186 ; Saylor v. Daniels, 37 Ill. 331 ; Booker v. Anderson, 35 Ill. 66.

Messrs. MANAHAN & WARD, for appel'ees; that the only mode of making the defense of usury at law is in a suit upon a usurious contract, cited Hudden v. Innis, 24 Ill. 385; Perkins v. Conant, 29 Ill. 185; Maury v. Stockton, 34 Ill. 306; Mitchell v. Lyman, 77 Ill. 525; Cuthbert v. Hall, 8 Tenn. R. 390; Jackson v. Henry, 10 Johns. 195.

As to forfeiture of interest: Carter v. Caruse, 5 Supreme Court Rep., Vol. 7, Jan. 10, 1882, p. 282; First Nat. Bk. v. Davis, 108 Ill. 633.

LACEY, P. J.   This was a suit by appellees against appellants based on three promissory notes.  The first plea of general issue having been withdrawn, it left only the plea of tender as of $66.66 and costs, Feb. 27, 1885.  The third plea was a plea of partial failure and usury.  The basis of the suit was the notes mentioned.  First, dated June 22, 1872, due in one year, for $241.67, with interest at the rate of ten per cent. per annum, payable to James S. Martin.  The second and third notes are of the same tenor and date, save one is due in two and one in three years from date.  The notes were indorsed by Jas. S. Martin, who had no personal interest in them, but kept them nine years and then indorsed them.  The notes were given to renew another note given by appellants to Henry & Co., which, with the interest, made the sum of the notes in suit.  Martin had the old note and made the settlement, at the time being informed of the claim of Levi Bressler that he had a claim against the note, and that there was usury in it.  Martin agreed with said Bressler that if Hoover and appellants could not settle the note, he would give these notes back and let George Hoover settle his own business. Upon these conditions appellants signed them; Hapgood and Henry indorsed the note spoken of to George Hoover after it became due.

The note given by appellants to Henry & Co. was dated July 1, 1858, due sixty days after date, with ten per cent. interest after due, and was for $427.18.  Hapgood was a member of the firm of Henry &. Co.  There was usury contained in the original note given to Henry & Co. at the rate of two

per cent. per month, computed from the date of the note for sixty days, the time the note was by its terms to run, as testified to by Hapgood and Henry, or three per cent., as testified to by Levi Bressler. This sum added to the sum borrowed and the note given for the entire amount.

The court below found there was usury in the face of the notes, and allowed the claim of usury set up by appellants, by taking out of the face of the note the usury added at three per cent. per month, and then allowed the rate of six per cent. interest on the balance from and after sixty days from the date of the Henry & Co. note or from the time that note became due, allowing all the credits of sums paid at different times by the appellants. This summed up to the amount of $642, for which the court rendered judgment for the appellees. The cause was tried by the court, a jury being waived, and held the follow'ng proposition to be the law offered by the appellees, viz:

"Under the present statute of the State of Illinois relative to usurious notes, where a suit is brought upon a promissory note for money loaned, in the making of which the payee contracted to receive more than legal interest, and the defense of usury is successfully interposed, the plaintiff is entitled to recover the principal sum loaned (less the interest contracted for the period the note had to run and payments of principal, if any,) and six per cent. interest from the maturity of such note until the date of the rendition of such judgment," and refused propositions of law offered by appellants to the effect that all interest in such case should be forfeited that accrued subsequently to the time the note became due, as well as the usury first taken, which ran to the date of the note.

To this action of the court the appellant excepted and assigns it here for error. We are satisfied that the transaction was not purged of usury that existed in the original transaction, but as far as the amount due to Martin upon the giving of the new notes, Jan. 22, 1872, after deducting the prior usury is concerned, that sum, at all events, being the sum of $58, "should be regarded as having been purged of usury, so that it would draw interest from that date at the

rate of ten per cent., as specified in the note." Mitchell v. Lyman, 77 Ill. 525. In that case there was an additional maker on the renewed note as security. In this there is a different payee, who indorses it to appellees, and we must regard the usury purged out of the transaction at that time on the amount then actually due. It is also stated in that case by the court, that " there are many authorities to the point that although a contract may be in its inception usurious, a subsequent agreement to free it from the illegal incident shall make it good," citing numerous authorities. The main question in the case is, did the court err in holding the law to be that interest at the rate of six per cent., after the first note become due, could be allowed?

It is insisted by the appellee that according to the decision in the First National Bank of Galesburg v. Davis et al., 108 Ill. 633, this interest should be allowed, and the court below adopted that view. We are of the opinion that, although that decision announced that rule, and that suit was apparently decided on that basis, that case is not to be considered as authority to be followed in the future. The rule so apparently announced in that case should not be regarded as authority for the reason that less than a majority of the court sanctioned it.

Only three of the judges apparently conceded with the views announced by Judge Dickey, who wrote the main opinion, to wit: Judge Dickey, Judges Mulkey and Scholfield. Judges Scott and Walker dissented unqualifiedly to the whole opinion, and Judges Sheldon and Craig dissented on the main point of the decision. That is, according to their opinion, there was no usury at all, and the First National Bank was entitled to even much more than was awarded it by Judge Dickey's opinion. In their judgment, instead of being entitled to only six per cent. interest after the note was due, and none up to the time it was due, it was entitled to all the note called for according to its terms, without any forfeiture. As only three of the judges, and possibly not three, were willing to give six per cent., a portion of what they claimed was due

the bank, they were willing to accept that much as being due the bank, and as doing at least partial justice, according to their view, without saying anything about the reasons that Judge Dickey gave for allowing it.    In their dissenting opinion it will be seen they do not commit themselves concerning the peculiar view taken of the question by Judge Dickey. We are led more strongly to this conclusion as far as Judges Sheldon and Craig are concerned, for the reason that in the case of Mitchell v. Lyman et al., 77 Ill. 525, determined in 1875, the court, composed of Judges Scott, Breese, McAllister, Scholfield, Walker, Sheldon and Craig, took directly the opposite view of the question, and decided, in accord with all its decisions since the usury law of Jan. 31, 1857, that where usury existed in the inception of the contract all the interest was forfeited ; that accruing after as well as before the maturity of the note: Judge Sheldon wrote the opinion in that case, and Judge Craig, as a member of the court, approved of it.

There were two notes given in that case, as in this—a first and second one. The second for $3,000, dated Dec. 20, 1869, due on or before Dec. 20, 1870, with interest at ten per cent., payable annually.    After this note, various credits were made on the note for payments, amounting in all to $1,800.    Prior to that time, to wit, April 1, 1868, three of the defendants borrowed of the plaintiff, Mitchell, the sum of $3,000, for one year, at fifteen per cent. interest, giving their promissory note, due in one year from date, with ten per cent. interest per annum.    The extra five per cent. interest was retained out of the sum, and there was actually paid over only $2,850.    This was a clear case of usury.    The first mentioned note was given in settlement, and Judge Sheldon decided the new note was so far tainted with usury that the usury taken in the first note, and all interest up to the time the new note was given should be deducted from the principal of the new note ; but on account of the settlement made, and a new party having been introduced, the actual sum due at the time the new note was given making a part of the new note, should draw interest at the rate specified in it.    The new note was to that extent purged of usury.    The judge deciding used this lan-

guage: "We are of the opinion that it (usury) should have the effect to the extent that there should be a deduction from the second note of all payments of interest made before it was entered into, upon the first note. The first note being usurious, no interest whatever was recoverable upon it."

The first note, it will be seen, had been past due three months and twenty days before the second one was entered into, and for that time, according to First National Bank v. Davis, the sum actually loaned should have drawn six per cent. interest. But it was not allowed. The case is exactly in point. Another case decided by the Supreme Court composed of the same judges, at its January term, 1875, was Driscoll et al. v. Tannock et al., 76 Ill. 154. It was a bill in equity filed by plaintiffs in error to obtain a sale of real estate conveyed to a trustee to secure a note given to Lannack by Driscoll for $455, upon which had been paid $140; it was payable eighteen months after date, with ten per cent. interest until due, and thirty-six per cent. per annum as damages after due. The answer alleged that the note was given for $350, and that $105 was added in the note for usurious interest. Complainant filed a replication, admitting that the note was given for $350, but denying the payment of the $140, and after hearing the evidence the court rendered a decree for complainant for $375 and costs. Judge Walker, who wrote the opinion of the court, said: "The third section of the act of 1857 (Sess. Law, page 45) provides that 'if any person or corporation shall contract to receive a greater rate of interest than ten per cent. upon any contract, written or verbal, such person or corporation shall forfeit the whole interest and shall be entitled only to recover the principal due to such person or corporation.' Now, from the answer and replication, it stands admitted that the contract in this case was for more than ten per cent. interest, and brings the case freely within the provisions of the statute, and the decree allowing $125 interest is manifestly erroneous. It is palpably in violation of the clear and unmistakable provisions of the statute."

Then, by way of emphasis, the court, speaking through Judge Walker, add: "We are at a loss to comprehend how a

decree could have been rendered in the face of such an enactment." * * * " It was for the complainant to make out his case. He, in doing so, admitted that he had an indebtedness of but $350, and that the balance of the claim was for interest, and that it was usurious. That showing would entitle him only to the balance of the *principil, after deducting the payments* he admits to have been made. Under the interest laws that wou'd be all he could recover."

This note must have been past due at the time of hearing, yet the court decides the principal was all that could be recovered after deducting payments, whether on interest or otherwise.

This has been the rule for nearly twenty-five years, and never, till the case of the First Nat'l Bank v. Davis, *supra*, has the court intimated that six per cent. interest after the note was due could be recovered where there was usury in the inception of the contract.

Among the numerous cases decided may be found the following. In Stockham v. Munson, 28 Ill. 51, the court say " The act of 1857 declares a forfeiture of the whole interest." The note in this case had been due two years before trial, and no mention whatever was made regarding the allowance of six per cent. after maturity. It was not allowed. In Saylor v. Daniels, 37 Ill. 331, Judge Lawrence, in deciding, declares that payment made of usurious interest should be applied on the principal, and made no intimation that six per cent. could be collected after the note became due. In this case the note had been renewed, and was past due. In Booker v. Anderson, 35 Ill. 66, the court made this order: "It is ordered by the court that the court (below) ascertain the sum due on the $2,200 note, after deducting the usury and all payments of interests, whether for usury or otherwise, and the rent paid for the use of the house and lots, likewise the $1,200 for which the land was sold, and decree the payment of the balance to the appellant." By this order all claim for six per cent. after the note became due, and it was long past due, was cut out.

The case of Hefner v. David Vandolah, 62 Ill. 483, was based on a promissory note which was made drawing twelve

per cent. interest on its face and was due in six months, and, as was inevitable, was past due when judgment was rendered. The court say in regard to the questions of usury, by Sheldon, delivering the opinion, "As the note upon its face bore a greater rate of interest than ten per cent., the whole of the interest was forfeited, under the statute, and *only* the principal sum due was recoverable;" six per cent. after due was not allowed.

Other cases could be cited, and nothing adversely was ever intimated until the case reported in 108 Ill. above, by Judge Dickey, under circumstances in which, we have shown, the majority of the court did not concur. It was not intimated in Judge Dickey's opinion that the rule had been changed, neither were the cases referred to herein cited and explained or overruled, or even mentioned, which, if a majority of the court had concurred with him in his views on the usury laws, certainly would have been done. Judge Dickey quotes Sec. 2 of the Interest Act, which provides, "Creditors shall be allowed to receive at the rate of six per cent. per annum for all moneys after they become due on any bond, bill, promissory note or other instrument in writing." This is claimed as authority for charging six per cent. on a note in which there was usury after due. This same statute has been in force during all the time the former decisions were made, and this is the first time that any of the judges, prior to Judge Dickey, ever thought of applying it in this way. It was not supposed heretofore to apply to contracts where usury existed. It has always been held in this State, however different other States, or the United States court may hold, that where a note draws a certain rate of interest from date, that same rate continues under the contract until paid. It is the same as though the note read " with such interest till paid." It has been regarded as a contract for interest till paid. The note might, and notes often do, provide for interest *till paid*. Would not this be a part of the interest contracted for? And in case of usury would it not all be forfeited under the statute as interest reserved? We can not regard the case of the First National Bank v. Davis, *supra*, as being the decision of the court,

and therefore we think it is not authority. We therefore regard the proper judgment in this case to be the $58.11 from Jan'y 22, 1872, at ten per cent. as what should be the true amount of the judgment, or $140.57 up to Apr. 2, 1886. The judgment is reversed, and it is ordered that judgment be entered in this court in favor of appellees against appellants for the sum of $140.57 and the costs of this court to be charged to appellees and the costs of the court below against appellants.

Reversed.