CHARLES STEIN

v.

SAMUEL GOLDSMITH, IMPLEADED, ETC.

*Usury—Construction of Statute—Practice.*

1. Where defense of usury is established, the plaintiff can only recover the principal, less all payments made up to the time of trial. No interest for a period either before or after maturity of the note sued on can be recovered.

2. Appellant can not complain of a judgment entered in accordance with his own request.

[Opinion filed March 4, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Messrs. KRAUS, MAYER & STEIN, for appellant.

Messrs. Eliel & Rosenthal, for appellee.

Gary, J.  Appellant sued appellee and Jacob Stein upon a promissory note made to him by them as partners.  Appellee defended on the ground of usury.  Jacob Stein made no defense.  That for some consideration the appellant did receive from the firm more than legal interest upon the money by him loaned to the firm and for which the note sued upon was given, was not disputed; and upon conflicting testimony, so nearly balanced that a verdict upon it is final, the jury has found that that consideration was usurious interest.

The appellant contends that, from the face of the note sued upon (which was in renewal of the indebtedness after several notes of various amounts had been given for it at different times), if usury had been before taken, all payments of principal or interest before the date of the note should be deducted, and the residue, after such subtraction, be treated as a new principal as of the date of the note purged of all taint; or if not, then only such payments as were made before the note became due should be deducted, and the residue then left should be treated as a new principal, bearing interest at six per cent. per annum.  The court instructed the jury in accordance with this last position of the appellant, but the jury found a verdict against him.  If the jury had followed that instruction, the appellant would have had a small verdict.

But the instruction is not the law.  In Harris v. Bressler, 119 Ill. 467, the authority of First National Bank v. Davis, 108 Ill. 633, is destroyed, and though the Appellate Court of the Second District seem to understand the law as the appellant here does (Bressler v. Harris, 19 Ill. App. 430), yet in the Supreme Court where their judgment was affirmed, the parties were reversed; the party who wanted more interest was complaining, and the question was not before the Supreme Court whether he had not already got more than the law entitled him to.  True, the court said there was no error, and omitted to add, against the appellant.

The doctrine contended for is based upon the words of the statute, "forfeit the whole of said interest so contracted to be received;" and is that the note sued upon being silent as to interest, the contract between the parties ended with the maturity of the note; so that, thereafter, not the contract but the law gives the interest, and does not forfeit what it gives. This construction ignores the further words of the statute, "entitled only to recover the principal sum." It is probable that the finding by the Appellate Court in Bressler v. Harris, that a new principal of $58, purged of the taint of usury, had resulted, was regarded in the Supreme Court as a finding of fact, not to be reviewed. The whole opinion means that only the principal, after taking out all payments up to the time of trial, can be recovered in case of usury, and so computing, nothing here remained unpaid.

The jury was sworn to try the issue as to the appellee and assess damages as to Jacob Stein. The verdict was for the appellee and no damages as to Jacob Stein. Upon this verdict the regular judgment would have been that both defendants below go without day with costs to appellee. Tidd's Prac., 895; Cooper v. McNiel, — Ill. App.—

But the appellant, as the bill of exceptions shows, asked the court to enter, and the court did enter judgment against Jacob Stein, and the appellant can not now complain that what he asked, he got. And he loses nothing by this view.

If a wrong judgment was entered upon a right verdict, the error would not set the verdict aside; but if the judgment were reversed, directions would be given to enter a right judgment.

*Judgment affirmed.*