and the contract is wholly inconsistent with the theory advanced to sustain the order that the agreement amounted only to a selection of commissioners in the proceeding. The plaintiff made a written offer to arbitrate, and selected the arbitrators, which the defendant accepted, and within 10 days after the execution of the agreement the plaintiff made this motion. It is not asserted that the defendant had interfered with the plaintiff's possession, or had refused to go on under the agreement, and we find no justification in the record for the plaintiff's attempt to nullify the arbitration proposed by it, and consented to by both parties under their hands and seals.

The order should be reversed, with costs. All concur.

---

UNION NAT. BANK OF CHICAGO v. CHAPMAN et al.

(Supreme Court, Appellate Division, Fourth Department. June 17, 1896.)

1. USURY—FORFEITURE—INTEREST ACCRUING AFTER MATURITY.
    Under Rev. St. Ill. c. 74, § 6, where a greater rate of interest than 7 per cent. is reserved, the whole interest shall be forfeited, and only the principal sum shall be recoverable on a usurious note, though it accrues after maturity of the note.

2. MARRIED WOMEN—CONTRACTS—SURETY FOR HUSBAND.
    Under Code Ala. § 2349, providing that a wife "shall not directly or indirectly become surety for her husband," a married woman is not liable on a note made for the accommodation of a firm of which her husband was a member, and signed by her and her husband.

3. SAME—CONSENT OF HUSBAND.
    Code Ala. § 2346, gives a wife full capacity to contract with the written assent of her husband. Section 2349 provides that a husband and wife may contract with each other, but that the wife shall not directly or indirectly become surety for her husband. Held, that the requirement of the husband's assent applies only to contracts made by the wife for her own benefit with persons other than her husband.

Appeal from judgment on report of referee.

Action by the Union National Bank of Chicago against William P. Chapman and Elizabeth J. Chapman on a promissory note. Judgment was rendered in favor of plaintiff for $5,275 damages and $268 costs, and defendants William P. Chapman and Elizabeth J. Chapman appeal. Modified as to William P. Chapman. Reversed as to Elizabeth J. Chapman.

The plaintiff is a national bank, organized under the statutes of the United States, having its banking office and principal place of business at Chicago, Ill. William P. Chapman and Elizabeth J. Chapman were born and married at Watkins, N. Y., both now being, and since their births having been, resident citizens of the state of New York, and domiciled therein. May 1, 1894, William P. Chapman, E. P. Reynolds, Jr., and C. W. Howard were partners engaged in business at Tuscumbia, in the state of Alabama, under the firm name of Chapman, Reynolds & Co. Elizabeth J. Chapman is the wife of William P. Chapman, and Ella Howard is the wife of C. W. Howard. This action was begun April 23, 1895, against William P. Chapman and Elizabeth J. Chapman (the other defendants have not been served, nor have they appeared in the action) to recover on a joint promissory note of which the following is a copy:

"$5000.                                    Tuscumbia, Alabama, May 1st, 1894.

"Six months after date we promise to pay to the order of E. P. Reynolds,. Jr., five thousand and no 100 dollars, value received, with interest at eight per cent. per annum from date, payable at Union National Bank, Chicago, Ill.

"Chapman Reynolds & Co.
"W. P. Chapman.
"Elizabeth J. Chapman.
"Ella Howard.
"C. W. Howard.

"Indorsed: E. P. Reynolds, Jr."

A copy of this note is set out in the complaint, and is followed by this allegation: "And then and there delivered the same to the payee, the defendant. E. P. Reynolds, Jr., who thereafter, and before maturity, for value received, duly indorsed said note, and said note, thus indorsed, was before maturity: and for value, duly transferred to the plaintiff, who then became, and now is,. the owner and holder thereof." None of the allegations in the complaint. are denied in the answers. William P. Chapman, by his separate answer, sets up two affirmative defenses: (1) That the note was made and delivered, to the plaintiff upon the usurious and unlawful agreement to pay interest thereon at the rate of 8 per cent. per annum, in violation of the statute of the state of Illinois, where the note was payable; (2) that under the statute of the United States the plaintiff is not entitled to recover any interest upon: the note, because the rate of interest contracted to be paid is greater than. that allowed by the statute of the state of Illinois, where the note is payable. Elizabeth J. Chapman, by her separate answer, sets up three affirmative defenses: (1) That she is the wife of William P. Chapman, and signed the note as surety for her husband, E. P. Reynolds, Jr., and C. W. Howard, and. that her contract is prohibited and void by the statute of the state of Alabama, where it was made; (2) that the note was made and delivered to the plaintiff upon an usurious and unlawful agreement to pay interest at the rate of 8 per cent. per annum, in violation of the statute of the state of Illinois, where the note was payable; (3) that under the statute of the United States the plaintiff is not entitled to recover any interest upon the note, because the rate of interest contracted to be paid is greater than that allowed by the statute of the state of Illinois, where it is payable. The trial resulted in a judgment against both defendants for $5,275, that being the amount of the note,. with interest thereon at the rate of 5 per cent. per annum from the day when. it became due, which is the statutory rate of interest in the state of Illinois.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN,. and WARD, JJ.

O. P. Hurd, for appellants.
John A. Barhite, for respondent.

FOLLETT, J. The defendants having answered separately, the questions raised by them will be separately considered. The only question raised on the appeal of William P. Chapman is that the referee erred in allowing the plaintiff to recover $275 interest on the note after it fell due. Section 6 of chapter 74 of the Revised Statutes of Illinois provides:

"Sec. 6. If any person or corporation in this state shall contract to receive a greater rate of interest or discount than seven (7) per cent. upon any contract verbal or written, such person or corporation shall forfeit the whole of such interest so contracted to be received and shall be entitled only to recover the principal sum due to such person or corporation. And all contracts. executed after this act shall take effect which shall provide for interest or compensation at a greater rate than herein specified on account of non-payment at maturity shall be deemed usurious and only the principal sum due thereon shall be recoverable."

The learned referee found as a fact and held as a conclusion of law that the statute of the state of Illinois, prescribing the rate of interest, was applicable to this note (Bank v. Low, 81 N. Y. 566), but decided that the plaintiff was entitled to recover interest on the note at the rate of 5 per cent. per annum after it fell due, following Bank v. Davis, 108 Ill. 633. An examination of this case shows that it is not an authority for the position taken by the learned referee. Five judges sat in that case. Three of them—the one writing the opinion and two others—agreed that the note upon which the action was brought was usurious, but two of them said: "We concur in holding that the transaction was usurious, but dissent from all other views expressed in the opinion." Two of the five judges held that the note was not usurious, so it appears that but one of the five judges held to the rule adopted by the referee. In Harris v. Bressler, 119 Ill. 467, 10 N. E. 188 (reported below, 19 Ill. App. 430), it was held that no interest on an usurious note accruing before or after its maturity could be recovered, and it was said:

"The case of Bank v. Davis, 108 Ill. 633, so far as it may state a different rule from that stated in this opinion, or declare principles in conflict with the doctrine of the cases ut supra on the same subject, must be regarded as not having been well considered, and it is therefore overruled to that extent."

Harris v. Bressler, supra, was followed in Stein v. Goldsmith, 44 Ill. App. 108, and in McGuire v. Campbell, 58 Ill. App. 188. It follows that the learned referee erred in allowing the plaintiff to recover $275 interest, which accrued on the note after its maturity, and the judgment against William P. Chapman should be modified by reducing it to $5,000 damages, and, as modified, affirmed, without costs to either party in this court.

Had this defendant appealed only from that part of the judgment awarding interest, instead of appealing from the whole of the judgment, he would have been entitled to costs on this appeal.

The appeal of Elizabeth J. Chapman will now be considered. The referee found "that the avails of said note were obtained and used exclusively for the benefit of the firm of Chapman, Reynolds & Co., * * * for whose accommodation it was made, to the knowledge of the payee." In his conclusions of law he found that Elizabeth J. Chapman became co-surety with her husband on said note for the firm of Chapman, Reynolds & Co., but not a surety for her husband. The evidence shows that the note was not given for the benefit of the separate estate of Elizabeth J. Chapman, and that she signed it upon the request of her husband. "I told my wife to sign this note." The effect of the decision is that she signed the note as surety for the firm of which her husband was a member.

The following sections of the Code of Alabama are applicable to the defense of coverture interposed by Elizabeth J. Chapman:

"Sec. 2346. The wife has full legal capacity to contract in writing as if she were sole with the assent or concurrence of the husband expressed in writing."

"Sec. 2349. Contracts between husband and wife. She cannot become his surety. The husband and wife may contract with each other, but all contracts into which they enter are subject to the rules of law as to contracts

by and between persons standing in confidential relations, but the wife shall not directly or indirectly become surety for her husband."

These sections relate to the same subject,—the capacity of married women to contract,—and must be read together, and so read it is apparent that section 2346 relates to contracts entered into by a married woman for her own benefit with a person other than her husband. Section 2349 relates to contracts between husband and wife, and expressly forbids a wife to enter into any contract by which she shall become, directly or indirectly, surety for her husband. This statute is so explicit that it does not need to be interpreted, but it has frequently been in that state. In Heard v. Hicks, 82 Ala. 484, 1 South. 639, Lansden v. Bone, 90 Ala. 446, 8 South. 65, and Hawkins v. Ross, 100 Ala. 459, 14 South. 278, wives executed with their husbands mortgages on their real estate to secure debts owing by their husbands, and it was held that the mortgages were void, under section 2349, as against the wives. The fact that their husbands, by joining in the mortgages, assented in writing to their execution, did not take the mortgages out of the section, and render them valid under section 2346. In Schening v. Cofer (Ala.) 12 South. 414, it was held that a wife was not liable on a bond executed with and as surety for her husband in order to obtain an injunction. In McNeil v. Davis (Ala.) 17 South. 101, McNeil & Co. and Purcel signed a promissory note as sureties for Bently. Patience McNeil, the wife of a member of the firm of McNeil & Co., mortgaged her realty to indemnify Purcel against all liability on account of his suretyship, and it was held that the mortgage was void under section 2349. It was there decided that the fact that the note was executed by a firm of which the husband was a member, instead of by the husband alone, did not take the case out of the operation of the statute. In short, the cases in Alabama enforce the statute, which provides that "the wife shall not, directly or indirectly, become surety for her husband."

Section 12 of chapter 183 of the General Laws of New Hampshire provides:

"Sec. 12. No contract or conveyance by a married woman as surety or guarantor for her husband, nor any undertaking by her for him or in his behalf shall be binding on her."

In A. Storrs & Bement Co. v. Wingate (N. H., decided July 29, 1892) 29 Atl. 413, it was held that a note made by a firm, and signed by the wife of one of the partners as surety for the firm, was void under the statute as against the wife.

When it appears that a promissory note was delivered to the payee, the presumption arises that it had a legal inception in his hands, and that he became the owner thereof, and the presumption arising from his indorsement is that he transferred title to the note to his indorsee. These presumptions are rebuttable in some cases.

It was conceded on the argument of this case that the note in suit had its inception in Alabama, which seems to be in accordance with the allegation in the complaint, which is not denied in either answer; and, this being so, no recovery can be had as against

Elizabeth J. Chapman, and the judgment as to her should be reversed, and a new trial granted, with costs to abide the event.

All concur.