ENOCH STOCKHAM *et al.*, Plaintiffs in Error, *v.* WILLIAM MUNSON, Defendant in Error.

ERROR TO DEKALB.

Since the passage of the act of 1857, in relation to interest, it is not necessary to set up usury by plea, if it appears from the contract or the declaration, that usurious interest has been reserved or taken.

THIS was an action of assumpsit, by Munson against the Stockhams. The declaration contains one count on a promissory note, dated October 13, 1856, payable " on or before one year from the date thereof, with interest at the rate of thirty-six per cent. per annum."

Defendants pleaded, 1st, non-assumpsit; 2nd, usury, as a full defense.

September 26, 1859, plaintiff joined issue on the first plea; and at February term, 1860, a demurrer to the second plea was sustained. Thereupon defendants asked leave to amend their second plea, which was denied, and defendants excepted. The general issue was tried by the court.

The bill of exceptions shows, that the plaintiff read in evidence a note as follows:

" 200. On or before one year from this date, we or either of us promise to pay to William Munson or bearer the sum of two hundred dollars, the interest to be thirty-six per cent. per annum, Victor, October 13th, 1856, for money loaned in coin.    ENOCH STOCKHAM.
                                        JOSEPH STOCKHAM."

This was all the evidence in the case.

The court found for plaintiff, and assessed his damages at $440, " being the amount of the note and interest herein;" to which finding, defendants excepted. There was a motion for a new trial overruled, and judgment was given against defendants for $440 and costs.

DICKEY & WALLACE, for Plaintiffs in Error.

GRAY, AVERY & BUSHNELL, for Defendant in Error.

WALKER, J. The instrument declared upon, reserved thirty-six per cent. interest per annum, on its face, and was so described in the plaintiff's declaration. The trial was had on the general issue, and the defendant sought to avoid the payment of interest, upon the grounds of usury. This presents the question, whether the defendant must rely upon the statute, by a plea, to be allowed the benefit of the defense. The third section of the act of January, 1857, (Scates' Comp. 600), provides, that "if any person or corporation in this State, shall contract to receive a greater rate of interest than ten per

cent., on any contract, verbal or written, such person or corporation shall forfeit the whole of said interest, so contracted to be received, and shall be entitled only to recover the principal sum due to such person or corporation." This enactment is essentially different from the act of 1845, which provides that when it shall appear from the pleadings and on the application of the defendant, that usurious interest had been reserved or taken, the defendant should recover his costs, and the plaintiff should suffer the forfeiture provided by the statute.

The act of 1857 declares a forfeiture of the whole interest, when a usurious rate has been contracted for, without any reference to the pleadings. When this change was made, it must have been with a design to render a plea of usury unnecessary, where it appeared by the declaration or contract sued upon, where the general issue is alone interposed. We can perceive no other reason for making the change. At common law, the defendant, under the general issue in assumpsit, was authorized to give in evidence any matter which showed that the contract was illegal. Infancy, lunacy, coverture at the time the contract was entered into, also gaming and usury, might be relied upon under non-assumpsit. 1 Chit. Pl. 511. And the rule there announced is based upon Strange, 438, Comyn's Dig., Pleader, 2 G. 7, Fortes. 336. The same rule is announced in *Reid* v. *Pierpont,* 1 J. R. 124; *Levy* v. *Grady,* 3 Cranch, 180. In the last of these cases, it seems to be taken as granted, that the law is well and fully settled. There can be no doubt that such was the common law, and unless the plea is required by statute, the defense may be made under the plea of *non-assumpsit.* This statute has not required this defense to be specially pleaded, and it is left as at the common law.

The judgment of the court below is therefore reversed, and the cause remanded.

*Judgment reversed.*