JACOB SAYLOR *et al.*

*v.*

SETH F. DANIELS.

| 37 | 331 |
|----|-----|
| 156 | 633 |
| 47a | 556 |

| 37 | 331 |
|----|-----|
| 58a | 192 |

| 37 | 331 |
|----|-----|
| 59a | 595 |

| 37 | 331 |
|----|-----|
| 109a | 1507 |

1. USURY. While it is the rule of this court that usurious interest once paid voluntarily, cannot be recovered back, yet that rule does not apply where the transaction has not been settled, and the lender brings his action for the recovery of an alleged balance. In such case the borrower may defend by claiming a credit for whatever usurious interest he has paid in the same transaction. The fact that new notes have, from time to time, been given does not change the case.

2. ASSIGNEE — *rights of, in note tainted with usury.* If a note tainted with usury is assigned by the payee to a creditor as collateral security for a pre-existing debt, he is a holder for a valuable consideration, but only to the extent of the debt due him. The same defence may be made to the residue of the note as if it had not been assigned.

APPEAL from the Superior Court of Chicago.

This was an action of assumpsit brought at the January term, 1864, upon a promissory note to which was set up the defence of usury. The material facts appear in the opinion of the court.

Messrs. HURD, BOOTH & KREAMER for appellants.

Messrs. GARRISON & BLANCHARD for appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the court:

This was an action brought by Daniels against Saylor upon a promissory note, to which Taylor pleaded usury. It was

proven that $400 had been first loaned at 15 per cent. inter-
est, and payments made from time to time, and new notes
given, all in continuation of one transaction, the note sued
on being the last. The payments made had been applied first
in extinguishment of the interest, and then in reduction of
the principal. The plaintiff had a verdict for $277.32.

The court below refused to apply upon the existing note
the payments formerly made upon the usurious interest. This
was error. While it is the rule of this court that usurious
interest once paid voluntarily cannot be recovered back, yet
that rule does not apply where the transaction has not been
settled, and the lender brings his action for the recovery of
an alleged balance. In such case the borrower may defend
by claiming a credit for whatever usurious interest he has
paid in the same transaction. This is not using the usury
law as a sword, but strictly as a shield. The fact that new
notes have from time to time been given does not change the
case. The court looks at the substance, not at the form.
When the $400 was loaned in this case, it continued one
transaction until paid, without reference to the number of
balances struck, and new notes given, and until fully paid,
the borrower may insist upon having past usurious payments
legally applied. *Hadden* v. *Innes*, 24 Ill., 381.

In this case the original loan was made by Barber, but
when he took the last note, he took it in the name of Martin
& Wright, and afterwards procured their indorsement. So
far as appears, they only allowed Barber to use their names,
and therefore, the court should not have instructed that it was
necessary to connect them with the usurious transaction.
That assumes that they were *bona fide* payees of the note,
which is at least doubtful, and should have been left to the
jury.

But the note, before it fell due, was endorsed by Barber,
to the plaintiff Daniels, to collect in payment of a debt due
him from Barber, which the latter swears was about one
hundred dollars, and to account to Barber for the residue. If

Daniels took the note as collateral security for a pre-existing debt he is a holder for a valuable consideration.   *Manning* v. *McClure*, decided January term, 1865.   He would be so, however, only to the extent of the debt due him from Barber, and as to the residue of the note the same defence can be made as if it had not been assigned to Daniels.

*Judgment reversed.*