## ROBERT C. HAMILL

*v.*

## CARLISLE MASON *et al.*

1. USURY—*what constitutes, under act of* 1857. Under the interest law of 1857, a promissory note bearing twelve per cent. interest per annum, is usurious. That act prohibits the taking of any greater rate than ten per cent per annum, upon any kind of contract or for any species of consideration.

2. FORMER DECISION. Such a case is not controlled by that of *McGill* v. *Ware*, 4 Scam. 21, in which it was *held*, that the taking of a legal rate of interest in advance, by deducting it from the sum loaned, was not usurious. But that case was decided upon the authority of cases in other courts upon statutes that declared a forfeiture of the whole debt, for usury, and in this State, at that time, there was a forfeiture of three-fold the usury reserved; and it is doubted whether such a rule would have obtained had the forfeiture been no more than the interest.

3. USURY—*how availed of.* The statute against usury may be availed of under the general issue, where the fact of usury appears from the contract and the declaration.

4. ASSIGNEE *before maturity—when subject to the defense of usury.* Where an assignee before maturity receives a promissory note which discloses upon its face the fact that usurious interest is reserved, he is bound to take notice thereof, and will hold the note subject to that defense.

APPEAL from the Superior Court of Chicago; the Hon. WILLIAM A. PORTER, Judge, presiding.

The opinion states the case.

Mr. W. T. BURGESS, for the appellant.

Messrs. HERVEY, ANTHONY & GALT, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit brought by appellant against appellees, on two promissory notes executed by the

latter to John McCalla on the 1st of October, 1857, for $1,700 each.   One fell due in ten months, and the other in twenty-two months.   The notes upon their face drew twelve per cent. interest per annum.   They were so described in the declaration, and they were assigned to appellant.   The plea of *non assumpsit* was filed.   A trial was had by the court, a jury having been waived by consent of the parties.   After hearing the evidence, the court deducted all of the interest, and credits for the amount that had been collected on the foreclosure of a mortgage given at the time to secure the note, and rendered judgment for the balance.   Plaintiff brings the case to this court on appeal, and asks a reversal on several grounds.

It is urged that the notes are not usurious on their face. They are for the payment of a specified sum of money, with twelve per cent. per annum.   The interest law of 1857, by the first section, declares that the rate of interest upon all contracts and agreements, written, verbal, or implied, for the payment of money, shall be six per cent. per annum upon every one hundred dollars, unless otherwise expressly stipulated by the parties, or otherwise provided by law.   The second section declares that the parties on entering into such agreements are authorized to stipulate for any rate not exceeding ten per cent. per annum.   The third section declares, that if any person or corporation shall contract to receive a greater rate of interest than ten per cent. upon any contract, written or verbal, such person or corporation shall forfeit the whole of such interest so contracted to be received, and shall only recover the principal sum due to such person or corporation.

These statutory provisions, in the clearest and most unmistakable manner, prohibit the taking or receiving on any kind of contract or for any species of consideration more than ten per cent. per annum interest, on money due or to become due.

That such was the design of the law-makers seems to be so clear as to admit of no construction.   Other language might have been employed, but it would be difficult to perceive how such an intention could have been more clearly expressed.

The contract to pay twelve per cent., as expressed in these notes, was unmistakably in violation of this law, which was then in force, and which must govern in determining the character of the agreement. It was manifestly usurious.

It was held by this court, in the case of *Stockham* v. *Munson*, 28 Ill. 51, that a defendant might avail of the statute of usury under the general issue, where it appeared from the contract and declaration that it was in violation of the law; that in such a case the plea of usury was not necessary to render that defense effectual. It was also held in that case that the recovery could only be for the principal sum, without interest, as the statute had so provided. That case is decisive of these questions.

It is also urged that the notes were assigned before maturity, and this defense was thereby cut off from appellees. And the case of *Conkling* v. *Underhill*, 3 Scam. 388, is referred to in support of the proposition. In that case the court held that an usurious note was not void in its inception, under our statute, and that the defense of usury could not be interposed to such a note in the hands of a *bona fide* assignee without notice, who received it before maturity. And the case of *McGill* v. *Ware*, 4 Scam. only decides that the creditor may reserve the legal interest for a year, at the time of the loan, and the court would not presume the intention of the parties was corrupt and designed to evade the usury laws because the creditor withheld the interest computed at the legal rate.

In the first of these cases, the note failed to disclose the fact that it was usurious, and there was no evidence that the assignee before maturity had any notice. That fact renders that case wholly dissimilar to this in that most essential particular. There, the defense was urged against a *bona fide* purchaser without notice, whom the statute expressly protects, whilst in this case appellant was bound to take notice that the contract was unlawful. He had actual notice, as he read it on the face of the notes when he became the purchaser. He, then, falls within the provision of the statute which allows any

subsisting defense to be made to negotiable instruments assigned before maturity, when such assignee has notice of the defense.

The case of *McGill* v. *Ware, supra,* can have no application to this case. In that there was a loan of money, and the lender deducted the legal amount of interest from the sum loaned. In other words, he received his interest in advance, and it was held not to be usurious. But there was no such reservation in this case. It was simply an agreement to pay a larger rate of interest than the law permits. If any case can contravene the statute these notes do. To hold that they were not usurious, or that their assignment before maturity would prevent the defense of the statute, would be a virtual repeal of the law. The question is not whether the enforcement of these notes according to their terms would be more injurious or unjust than reserving the interest out of the sum loaned, but whether the agreement specified in these notes is prohibited. The case of *McGill* v. *Ware, supra,* was decided upon the authority of adjudged cases in other courts, where the agreement for usurious interest worked a forfeiture of the whole debt. And that case was under a statute which declared a forfeiture of three-fold the whole amount of usurious interest reserved. To avoid such heavy penalties, courts have ever given such laws a strict construction, and it may well be doubted whether such decisions would have been announced had the forfeiture been no more than the interest.

We perceive no error in this record and the judgment of the court below must be affirmed.

*Judgment affirmed.*