GEORGE W. HARRIS *et al.*

*v.*

LEVI BRESSLER *et al.*

*Filed at Ottawa January 25, 1887.*

1. USURY—*what is recoverable, in case of an usurious transaction— former decision overruled.* Under the statute, the effect, in a court of law, of contracting for or reserving usury in a promissory note, is the forfeiture of all interest, and only the principal remaining due after the deduction of all payments, whether of principal or interest, is recoverable. The case of *First National Bank* v. *Davis,* 108 Ill. 633, in so far as it announces a different rule, is overruled.

2. SAME—*recovery back of usury paid.* The rule that usurious interest, voluntarily paid, can not be recovered back, does not apply when the transaction has not been settled and closed, and the creditor brings suit to recover an alleged balance. And when the note sued on is one given in renewal of a prior one upon which usurious interest has been paid, the debtor may have all such payments applied upon the principal debt.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of Whiteside county; the Hon. WILLIAM BROWN, Judge, presiding.

This suit was brought in the circuit court of Whiteside county, by George W. Harris, Solon F. Gleason and Adam Smith, against Levi Bressler and Henry Bressler. The declaration counts on three promissory notes, of the date of January 22, 1872, each for the sum of $241.67, with interest at ten per cent per annum, and payable in one, two and three years, respectively. The pleas filed by defendants allege a defence to the entire cause of action, except as to the sum of $66.66, and as to this sum, a tender, with costs, is made. The defence insisted upon is, payment, and usury in the original notes given for the indebtedness for which the suit was brought. The pleas are broad enough to let in proof of the matters relied upon as a defence to the action. On the trial,

the court rendered a judgment in favor of plaintiffs, and against defendants, in the sum of $642. On the appeal of defendants, that judgment was reversed in the Appellate Court for the Second District, and judgment rendered in that court in favor of plaintiffs for the sum of $140.57, and ordered execution to issue therefor. A majority of the judges of the Appellate Court having made the necessary certificate to enable them to do so, plaintiffs bring the case to this court on appeal. On the hearing of the cause, the Appellate Court found the facts, and incorporated the same in and made them a part of its judgment, as follows:

"That the only cause of action in this cause was a certain promissory note for the sum of $241.67, due in one year after date, payable to Joseph S. Martin, with interest at the rate of ten per cent per annum, signed by appellants, and indorsed by said Martin to the appellees, long after due. The above note was given to said Martin in only consideration of a note given by appellants to M. S. Henry & Co., for the sum of $427.18, of date July 1, 1858, due in sixty days after date, drawing ten per cent interest after due, and was in fact a renewal of said last mentioned note, which said last mentioned note, after it became due, was, for value, indorsed to one George W. Hoover, with full knowledge on his part, prior to and at the time of indorsement, that the makers, the appellants, claimed, and would insist on, the defence of usury in and to said note so given to said M. S. Henry & Co.; that the said Hoover retained the possession and ownership of said note from the time he obtained it till the giving of the first mentioned note sued on in this case, being some ten years, and was, at the time said new note was given to said Martin, the owner of the said old note and also of the note sued on herein, after it was given the said Martin, being only an accommodation holder of said note; that in taking the new note, no claim or allowance of usury was deducted from the amount of the old note, but the settlement was made as though no

usury had existed; that during the time the old note of date of July 1, 1858, was in the hands of said Hoover, the appellants paid, in various payments on said note, all but $58 of the amount of· the said note, after excluding the usury contained in the face of the note, and all interest called for by the note after due. It is further found, that there was usury contained in the face of the said first note of July 1, 1858, as follows: The payees charge interest from the date of said note (July 1, 1858,) to the time the note matured, being sixty days, at the rate of three per cent per month of the amount borrowed, or $25.63, and added it to the amount borrowed into the face of the note, and which made up a portion of the face value of the note, and that it was a greater rate of interest than ten per cent per annum on each $100, and more than the law allowed, and was in fact usurious. It is found that said Hoover, the person who purchased said note and was the indorser, had notice prior to his purchase and indorsement to him of said note, and at the time thereof had full notice of the said usurious contract in the making and obtaining the said note; that said Martin, the payee of the note sued on, is also chargeable with notice of the said usurious contract at the time the said note was executed to him; that the appellees, also, at and before the said note in suit was sold and indorsed to them, and all persons holding said note prior to the time they held the note, are chargeable with full notice of the existence of usury in the note sued on, as well as the original note, and the right of the defence of usury the appellants had to the note in suit; that the $58 of principal due on the said original note, after deducting the usury contained in the face of the said original note, and all interest, after it became due, to the date of the note in suit, and adding ten per cent interest to the said $58 from the date of the said note in suit, (January 22, 1872,) the amount of interest called for in said last named note, to the date of the judgment rendered herein, is the amount of and comprises the

amount of said judgment. The court also finds all other facts, as stated in the opinion herein, are as stated in said opinion."

Messrs. Monahan & Ward, for the appellants:

The defence of usury must be specially pleaded. Rev. Stat. 1874, chap. 74, sec. 7; *Hadden* v. *Innes*, 24 Ill. 383; *Perkins* v. *Conant*, 29 id. 184; *Maury* v. *Stockton*, 34 id. 306.

Where a new note is given for an agreed sum, to a different payee, it will constitute a new contract; and usurious payments made on the old note can not be set off in a suit on the new note. *Puterbaugh* v. *Farrell*, 73 Ill. 213; *Cuthbert* v. *Haley*, 8 T. R. 390; *Jackson* v. *Henry*, 10 Johns. 195; 3 Parsons on Contracts, 120; Parsons on Notes and Bills, 419, and cases cited.

But in no event were appellees entitled to a deduction of more than the "interest contracted to be received" in the usurious contract, and as to the residue of the debt the plaintiffs occupied the position of ordinary creditors. The provision of the statute in this behalf is, the creditor "shall forfeit the whole of said interest so contracted to be received." Sec. 6, chap. 74; *National Bank* v. *Davis*, 108 Ill. 633; *Ammondson* v. *Ryan*, 111 id. 510; *Walsh* v. *Mayer*, 111 U. S. 31; *Hawke* v. *Snyder*, 86 Ill. 201.

The only mode of making the defence of usury at law, is in a suit upon the usurious contract. *Hadden* v. *Innes*, 24 Ill. 385; *Perkins* v. *Conant*, 29 id. 185; *Maury* v. *Stockton*, 34 id. 306.

Messrs. J. & J. Dinsmoor, for the appellees:

Under the statute, the entire interest is forfeited when an usurious rate has been contracted for. *Stockham* v. *Munson*, 28 Ill. 51; *Hamill* v. *Mason*, 51 id. 488; *Hefner* v. *Vandolah*, 62 id. 483; *Reinback* v. *Crabtree*, 77 id. 186; *Peddicord* v. *Connard*, 85 id. 102; *Saylor* v. *Daniels*, 37 id. 331; *Mitchell* v. *Lyman*, 77 id. 525; *Booker* v. *Anderson*, 35 id. 66.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

Since the Appellate Court has found the facts, and made the same a part of its judgment, it only remains to consider the questions of law that arise upon the record as it comes before this court. These are few in number, and will require no extended discussion. It is seen that the court found that plaintiffs, at and before the notes in suit were sold and indorsed to them, and all persons holding them prior to the time they held the notes, were chargeable with full notice of the existence of usury in the notes sued on, as well as in the original note, which would let in the defence of usury as against the present plaintiffs. It therefore follows, the only question to be considered by this court arises on the law applicable to the facts of the case as found by the Appellate Court, and incorporated in its judgment.

It appears, the court found the transaction was not purged of usury that existed by the original contract, except, perhaps, as to the sum of $58, and therefore allowed plaintiffs no interest, except upon the small sum before mentioned, and treated all payments, whether for usury, or otherwise made, as so much paid on the principal of the debt. In this ruling there was no error. The statute in force at the date of the original transaction out of which this litigation arose, provided, if any person or corporation in this State shall contract to receive a greater rate of interest or discount than the rate per cent fixed by such statute, upon any contract, verbal or written, such person or corporation shall forfeit the whole of said interest so contracted to be received, and shall be entitled only to recover the principal sum due to such person or corporation. (Rev. Stat. 1874, chap. 74, sec. 6.) In the act of May, 1879, the words declaring the forfeiture are precisely the same as the act of 1857. The meaning of this section of the statute would seem to be so obvious as to need no construction. It ought to be understood to mean exactly what it says,—that is, if any person or corporation in this

State shall contract to receive a greater rate of interest than is lawful under the statute, such person or corporation shall forfeit the whole interest "so contracted to be received, and shall be entitled only to recover the principal sum." How the legislative intention could be expressed with more clearness it is difficult to comprehend.

This statute has been in force since 1857,—now nearly thirty years,—and during that time this court has had frequent occasion to refer to it as applicable to cases being considered. In the early case of *Stockham* v. *Munson*, 28 Ill. 51, 'it was said, the act of 1857 declares a forfeiture of the whole interest when a usurious rate has been contracted for, and accordingly it was held, only the principal sum was recoverable. The doctrine of that case has been followed in many cases since that time, and the same rule adhered to, invariably. So in *Hamill* v. *Mason*, 51 Ill. 488, where the contract was usurious, in referring to *Stockham* v. *Munson, supra,* it was said, it was held in that case the recovery could only be for the principal sum, without interest, as the statute has so provided. In *Hefner* v. *Vandolah*, 62 Ill. 483, it was said, as the note, upon its face, bore a greater rate of interest than ten per cent, the whole of the interest was forfeited, under the statute, (act of 1857,) and only the principal sum due was recoverable. In the case of *Saylor* v. *Daniels*, 37 Ill. 331, the question made as to usury arose under the act of 1857, and it was there said: "While it is the rule of this court that usurious interest, once paid voluntarily, can not be recovered back, yet that rule does not apply when the transaction has not been settled, and the lender brings his action for the recovery of an alleged balance. In such case, the borrower may defend by claiming credit for whatever usurious interest he has paid in the transaction. This is not using the usury law as a sword, but strictly as a shield." This case has many features in common with the case being considered, and the principles stated are conclusive upon analogous ques-

tions here involved. The doctrine of this latter case was approved and re-stated in *Mitchell* v. *Lyman*, 77 Ill. 525, where it was said: "This court, while deciding that usurious interest, voluntarily paid, can not be recovered back, holds, still, that so long as any part of the debt remains unpaid, the debtor may insist upon a deduction of all usurious interest paid, therefrom."

It is needless to cite other cases in this court on this subject. The rule established by the earlier cases has stood so long, and has been so closely followed, it ought not now to be departed from. If a different rule is to be adopted, it should be done by legislative action, and not by judicial construction. Undoubtedly there are cases where a court of equity has required the debtor to pay interest on the sum borrowed, where the contract was usurious; but it has always been done on the principle, where a party asks a court of equity for relief from the letter of his contract, which he could not obtain at law, the court will impose terms upon him to do equity. But the principle of that class of cases can have no application in common law actions, where the defendant simply defends on the ground of his legal rights under the statute.

The case of *First National Bank* v. *Davis*, 108 Ill. 633, so far as it may state a different rule from that stated in this opinion, or declare principles in conflict with the doctrine of the cases *ut supra* on the same subject, must be regarded as not having been well considered, and it is therefore overruled to that extent.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*