## MARY L. DITCH ET AL.
### v.
## THE PEOPLE, FOR USE, ETC.

*Administration—Action on Bond—Pleading—Practice.*

1. It is improper to proceed to trial and judgment on the issues of fact in a given case, without disposing of a question of law raised by demurrer to plea filed.
2. It is error to enter a default and judgment against a defendant who has neither been served nor entered his appearance.

[Opinion filed August 28, 1889.]

APPEAL from the Circuit Court of Monroe County; the Hon. B. H. CANBY, Judge, presiding.

Mr. WILLIAM WINKELMANN and CHARLES MORRISON, for appellants.

Mr. E. P. SLATE, for appellees.

Webber v. Mackey, Nisbet & Co.

PHILLIPS, J. This is an action brought on administrator's bond. Six pleas were filed; issue joined on the first, second and sixth and demurrer to third, fourth and fifth. The demurrer to the third and fourth pleas was sustained, but as to the fifth the demurrer stands without being disposed of in any way.

The fifth plea is a plea of payment, and is to the whole declaration. The court proceeded to trial and judgment on the issues of fact, without disposing of the question of law raised by that demurrer to the fifth plea. In this there was error. Merriweather v. Gregory, 2 Scam. 50; Nye v. Wright, Ibid. 222; Bradshaw v. McKenny, 4 Scam. 54; Richeson v. Ryan, 15 Ill. 13.

It further appears that a default and judgment was entered against a defendant not served, and who entered no appearance. This was error. It is not necessary to discuss the question whether the parties appealing may raise this question, as the errors which they assign that are well taken must reverse the judgment. We do not deem it necessary to discuss other questions presented by the assignment of errors. The judgment is reversed and the cause remanded.

*Reversed and remanded.*