## Edward McGuire, Assignee, etc., v. M. C. Campbell.

1. JUDGMENTS BY CONFESSION—*Power of Courts to Open—Usury.*— A court of law has power to order the opening of a judgment rendered upon a cognovit, where usury is alleged to constitute a part of the judgment, hear the parties and reduce the amount of the judgment, or set it aside altogether.

2. SAME—*Powers of the Court.*—When a judgment by confession by warrant of attorney is opened and the defendant allowed to plead, the court has no power to require as a condition precedent that the defendant bring into court the money supposed to be due, but the judgment may be allowed to stand as security until after the trial of the issues tendered by the defendant.

3. USURY—*Established by Verbal Testimony.*—Verbal testimony is admissible to establish the fact of a usurious contract.

McGuire v. Campbell.

4. USURIOUS CONTRACTS—*What is, Within the Statute.*—If a usurious contract is made, whether express or implied, at the time of or subsequent to the entering into the agreement to take and receive more than lawful interest, it is such an agreement as is within the purview of the statute.

5. USURIOUS INTEREST—*Once Paid Can Not be Recovered Back—Exception.*—The rule that usurious interest once paid voluntarily, can not be recovered back, does not apply where the transaction has not been settled and closed, and the lender brings suit to recover an alleged balance. In such cases the borrower may defend by claiming a credit for whatever usurious interest he has paid in the same transaction.

6. USURIOUS TRANSACTIONS—*New Notes Given.*—The fact that new notes have been given from time to time, does not change the case.

7. USURY—*Penalty for Reserving.*—The effect of contracting for or reserving usurious interest, whether by verbal or written contract, is the forfeiture of all the interest.

8. PRACTICE—*In the Appellate Court.*—Reasons for a reversal, which were not among the grounds for a new trial, will not be considered. The appellant is confined to the grounds stated, and must be held to have waived all causes not set forth.

Assumpsit, on a promissory note. Confession of judgment; motion to open; plea of usury; appeal from the Circuit Court of Williamson County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Heard in the Circuit Court at the August term, 1894. Affirmed. Opinion filed March 23, 1895.

## STATEMENT OF THE CASE.

At the February term, 1894, of the Williamson Circuit Court, judgment in favor of appellant against M. C. Campbell was entered by confession, upon a note and cognovit, for $2,028.99. The note is as follows:

"$1,374.80. One day after date we, or either of us, promise to pay to the order of Richart & Campbell the sum of thirteen hundred seventy-four and eighty one-hundredths dollars, and in case the said sum shall not be paid when due, we hereby authorize and empower any attorney at law of the State of Illinois to appear before any court of record and confess judgment for the above mentioned sum and eight per cent from maturity, and a reasonable attorney's fee, and to release all errors, and waive all proceedings in the nature of a stay of execution, appeal or petition in error. Payable at the banking house of Richart & Campbell, Carbondale, Illinois.

In witness whereof we have hereunto subscribed our names, and affixed our seals, this 1st day of February, 1889.

GOODALL & CAMPBELL. [Seal.]

By M. C. CAMPBELL. [Seal.] "

At the May term, 1894, of said court, M. C. Campbell entered his motion, supported by affidavit, to set aside the confessed judgment and for leave to plead to the declaration on the merits. Several reasons in support of the motion were assigned, but the principal ground relied on, was that said note is usurious. The court overruled the motion and ordered that the judgment and execution be stayed; that defendant be permitted to plead to the declaration, but that said judgment remain in full force as to the lien thereof, to the end of securing the plaintiff in whatever sum may be found due him from defendant. Thereupon defendant pleaded the general issue, and a special plea as to all but five hundred dollars of the note sued on, setting up substantially that the whole amount of said note for $1,374.99, above the sum of $500, is usurious interest. On the issues prescribed by the pleas, the cause was tried by the court, by agreement, and a finding and judgment for plaintiff resulted, for $500 damages and costs of suit, to reverse which judgment plaintiff took this appeal.

WM. W. CLEMENS, attorney for appellant.

DUNCAN, RHEA & STEPHENS, attorneys for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

In support of the motion for a new trial, three causes only were assigned, viz.: "1st. The finding is contrary to the law and the evidence in the case. 2d. The court erred in admitting improper evidence on behalf of defendant, against the protest and objection of the plaintiff and in setting aside the confessed judgment. 3d. The court erred in refusing proper evidence offered on behalf of plaintiff."

A court of law has power to order the opening of a judg-

ment rendered upon a cognovit, where usury is alleged to constitute a part of the judgment, and hear the parties and reduce the judgment, or set the judgment aside.    Fleming v. Jencks, 22 Ill. 475.

Where a judgment by confession under a warrant of attorney is opened, and the defendant allowed to plead a defense, the court has no right to require as a condition precedent that the defendant bring into court the money supposed to be due, but the judgment may be allowed to stand as a security for the creditor until after the trial of the issues tendered by defense.    In this case, the motion to set aside the confessed judgment was supported by the same reasons urged in support of the motion in the case at bar. Page v. Wallace, 87 Ill. 84.

In Heir v. Kaufman, 134 Ill. p. 226, it is said : "We have held in a number of cases that a court of law exercises an equitable jurisdiction over a judgment by confession.    The debtor may move to set aside the judgment before the court of law which rendered it, and present his defense to the claim, if he has any, but the creditor will be protected by permitting the judgment to stand as security.    Enforcement of plaintiff's lien is suspended; the judgment is merely stayed.    If the defense is successful the judgment fails. The action of the trial court in permitting the defendant to plead his defense, and in staying the confessed judgment, for the reasons set up in support of the motion, is sustained by the authorities cited and was not erroneous.    It was not error to admit the parol evidence objected to by plaintiff to show the usury.    Verbal testimony is admissible to establish the fact of usurious contract.    McGill v. Ware, 4th Scam. 21.    If a usurious contract is made, whether express or implied, at the time or subsequent to the entering into the agreement, to take and receive more than the lawful interest, it is such an agreement as is within the purview of the statute.    Peddicord v. Connard, 85 Il.. 104.    If parol evidence was not admissible to uncover and disclose the real usurious contract, where one existed, the salutary purpose of the . law forbidding usury could be defeated by

entering into a written contract reserving only legal interest, but at the same time agreeing verbally to pay usurious interest and carrying out and executing the verbal contract.

The next material question is, was the usury proved as averred in the special plea, and if so, was the amount of damages allowed the full amount plaintiff was entitled to recover under the evidence? The original transaction between the firm of Richart & Campbell, of whose estate appellant became assignee, and the firm of Goodall & Campbell, of which firm appellee was a member, was a loan by the first named firm to the last named, on February 22, 1876, of $1,000, and $500 of this amount was paid the next day, and the contract was verbally made to pay twelve per cent interest on the loan, and the same usurious contract existed during all the time up to and at the time the judgment was confessed. Between the time of the payment of said $500 and March 1, 1879, the usurious interest amounted to $185, of which sum $105 was paid, and on March 5, 1879, the borrowers gave a renewal note for $580, which included the balance of usurious interest unpaid. The loan was continued without other renewal by note until the note sued on was executed, and that note was made up of the note for $580 and usurious interest thereon at twelve per cent, and another debt of $105. On March 1, 1879, deducting $500 principal and $105 usurious interest paid, from the $1,000 loaned, which under the law were proper deductions, $395 was the amount then due, and adding to it the principal of $105 debt included in the sum of the note sued on, and deducting all the usurious interest, there would remain due plaintiff $500, as found by the court. The rule that usurious interest once paid, voluntarily, can not be recovered back, does not apply where the transaction has not been settled and closed, and the lender brings suit to recover an alleged balance. In such case the borrower may defend by claiming a credit for whatever usurious interest he has paid in the same transaction. The fact that new notes have been given from time to time, does not change the case. Saylor v. Daniels, 37 Ill. 331; Harris v. Bressler, 119 Ill. 467, overruling First Nat. Bank, 108 Ill. 633.

The effect of contracting for or reserving usurious interest, whether by verbal or written contract, is the forfeiture of all interest. This statutory provision applies in this case. See also, Harris v. Bressler, *supra*. The error assigned, that the court did not allow any sum for attorney's fee, we can not consider. This was not one of the specific reasons filed in support of the motion for a new trial. Where certain points in writing are filed, particularly specifying the grounds relied on for a new trial, appellant is confined to those reasons and waives all causes for a new trial not so set forth in the court of review. O. O. & F. R. V. R. R. Co. v. McMath, 91 Ill. 111, 112; Con. Coal Co. v. Schaefer, 31 Ill. App. 368.

Perceiving no reversible error in the record, the judgment is affirmed.