S. P. DRAKE et al. Appellees, vs. A. W. LUX, Admr., et al. Appellants.

Opinion filed April 23, 1908.

USURY—debtor may consent to applying payments upon usurious debt. Where a person is indebted to a bank upon three notes, one of which is for an amount less than the customer's valid indebtedness to the bank for principal, exclusive of any interest, and the other two embrace amounts which include usurious interest as well as principal, the debtor may voluntarily consent that subsequent payments by him shall be credited upon the notes embracing the usurious indebtedness, and he cannot thereafter insist that the payments should have been applied upon the other note.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Moultrie county; the Hon. W. G. COCHRAN, Judge, presiding.

E. J. MILLER, for appellants.

HARBAUGH & THOMPSON, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This suit was begun by appellees filing a claim in the county court of Moultrie county against the estate of Minerva Brown, deceased. The claim was based on a promissory note for $800, dated April 29, 1895, payable to appellees three years after date, with interest at seven per cent from date, and was signed by Minerva Brown and C. W. Brown. At the same time this claim was filed another claim was filed by the same parties against the same estate. This claim was based upon two promissory notes, each dated April 30, 1896, one for $4035, payable one year after date, with interest at seven per cent; the other for $986.62, payable one day after date, with interest at seven per cent. Both these notes were signed "Brown & Co.; C. W. Brown." Appellees were proprietors of, and had for several years

conducted, a private bank at Lovington, Ill., where C. W. Brown & Co. were engaged in buying and shipping grain, and all three of these notes represented money furnished Brown & Co. by the appellees and interest charged thereon. The agreement between the parties was that appellees would honor Brown & Co.'s checks and charge them one per cent per month on the monthly balances against them. As we understand it, Minerva Brown was the "company" of Brown & Co. The heirs of Minerva Brown interposed the defense of usury against the claims, which defense was sustained by the county court and both claims disallowed. An appeal was prosecuted by appellees to the circuit court, where upon a trial the claim upon the $800 note was disallowed and the claim upon the other two notes was allowed in the sum of $586.26. From the judgment disallowing the claim on the $800 note appellees appealed to the Appellate Court, and from the judgment allowing a part of the other claim the administrator appealed to the same court. In that court the cases were consolidated and heard together. The Appellate Court held that the transaction between the parties by which appellees furnished Brown & Co. money and charged interest at the rate of one per cent per month on monthly balances was usurious, and that the payments made after the two notes dated April 30, 1896, were executed should be allowed as a credit against said notes, but that as Brown & Co. were indebted to appellees for principal, exclusive of any interest, at the time the $800 note was given, for a sum largely in excess of $800, that note should be considered as a credit upon the valid indebtedness to appellees, and as it bore interest at a lawful rate, usury could not be interposed as a defense against it. It appears from the evidence that the whole amount of principal furnished Brown & Co. by appellees was about $2900, while the total amount charged against Brown & Co. before the $800 note was given was in round numbers $6000. A credit of $1650 and another of $1146.75 were endorsed on the $4035 note and two credits

amounting to $82.98 were endorsed on the $986.62 note. On the cases being re-instated in the circuit court, evidence was again heard and a judgment entered allowing the claim based on the $800 note in the sum of $1421 and disallowing entirely the other claim. From the judgment allowing the claim on the $800 note appellants prosecuted an appeal to the Appellate Court. That court affirmed the judgment of the circuit court, and a further appeal is prosecuted to this court.

Appellants' contention is that the $800 note represented a part of the usurious transaction and was as much tainted with usury as the other two notes which were disallowed, and that as the total payments made by Brown & Co. exceeded the principal sum of money received from appellees, such payments should have been applied to discharge the entire indebtedness. It is true, the payments made equaled or slightly exceeded the principal sum of money furnished Brown & Co. by appellees, and if the $800 note was tainted with usury it also should have been disallowed. Appellants insist that where a payment is made upon an indebtedness tainted with usury the law requires application of the payment to be made upon the valid part of the indebtedness and will not permit the creditor to appropriate it upon an unlawful demand. This proposition appears to be supported by the weight of authority, but it is subject to the qualification that a debtor may voluntarily pay the usurious indebtedness, and when the debt is thus discharged he can not recover back any portion of the payment made, on the ground that it was usurious. Under our statute usury can be interposed only as a defense. (*Harris* v. *Bressler*, 119 Ill. 467; *Riddle* v. *Rosenfeld*, 103 id. 600.) The real contention here is as to the application of the payment of $1650 which was credited on the $4035 note. Appellants insist that when the payment was made no direction was given as to its application, and C. W. Brown so testified. Appellees contend they were authorized by C. W. Brown, who

made the payment, to credit it upon the $4035 note, and one of appellees testified that Brown was present when the credit was applied upon that note and consented to its being so applied. If the fact is as contended for by appellees, then the court properly refused to credit the $800 note with any of the payments made. Notwithstanding the law authorizing the defense of usury, the debtor may refuse to interpose the defense and voluntarily pay the usurious sum charged against him. In such case, when the usurious indebtedness is discharged by such payment, we have seen the authorities are, he has no cause of action to recover it back. In this case the account of appellees against Brown & Co., a portion of which was for usurious interest charged, was settled by the three notes given. As we have said, the $800 note was for a much less sum than the principal of the indebtedness which was lawfully due from Brown & Co. to appellees. The last two notes given included the balance of the principal due as well as the usurious interest added. Applying the $800 to the settlement of that much of the principal of the account for which Brown & Co. was justly indebted to appellees, the note would represent a lawful indebtedness and all the usury was included in the other two notes. If Brown & Co. voluntarily chose to have payments made by them credited on the usurious notes we do not see how they can now have such payments credited on the other note. They were legally bound to pay appellees the principal of the indebtedness and knew that a large amount of usury was embraced in the last two notes given. If they authorized payments made to be applied to the discharge of usury we do not see by what authority any part of such payments could now be applied to the discharge of the $800 note. Such a situation would not be analogous to payments made by a debtor upon a usurious indebtedness from time to time, without any direction as to the application of the payments, nor is it analogous to a case of the payment of interest upon an indebtedness charged at a usurious rate.

Whether appellees were authorized by Brown & Co. to apply the $1650 upon the $4035 note was a question of fact, and the judgment of the circuit court having been affirmed by the Appellate Court, that question is not open to review here.

Certain propositions of law asked by appellants were held and certain propositions were refused by the court, and appellants insist that the court erred in refusing all the propositions refused. No argument is made in support of these contentions nor is any attempt made in the brief and argument to point out the reasons for asserting that the court erred in refusing propositions of law nor wherein the error consists. The general statement is made in support of this assignment of error that the court should have held the propositions refused. We have, however, examined the propositions of law held and refused by the trial court and are of opinion there was no material error committed in that respect.

Some other errors are assigned, but as no argument is made in support of them except the bare assertion that the court erred, we have not considered them.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*