Anna Loan & Investment Company, Inc., Appellant, v.
L. C. Dorris et al., Appellees.

286

Heard in this court at the
Opinion filed February 12, 1930.

A. J. PICKRELL, FRANK E. TROBAUGH and MOSES PUL-VERMAN, for appellant.

D. F. MOORE, for appellees.

MR. JUSTICE NEWHALL delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Franklin county dismissing appellant's bill for want of equity.

Appellant's suit was brought to foreclose a building and loan mortgage. To appellant's amended bill all of the defendants in the court below made default except appellee Dorris, who appeared and filed special pleas and answer to the bill.

Appellant was organized as a building and loan association under the Act of 1879 on April 15, 1891, and has since been engaged in such business at Anna, Illinois.

On July 3, 1919, appellee L. C. Dorris signed an application addressed to the board of directors of ap-

pellant at Anna, Illinois, for a loan of $1,600, which was in substance as follows:

"Having bid on sixteen shares for a loan of $1,600, being the par value of 16 shares of series 57 of the capital stock of said company, at a premium of 1 per cent per month, I offer you the following described property as security for the same."

(Description of real estate in question)

"Should the loan be granted I hereby agree to comply with all of the requirements of the company as defined by its charter and by-laws.

(Signed)    L. C. Dorris.

"Anna, Ill., July 3, 1919."

Subsequently, during the month of July, a building committee of appellant addressed a communication to the board of directors of appellant, advising them that they had examined the property offered by Dorris as security of an advanced loan of $1,600, and reported that they considered it ample security for the loan applied for. On July 3, 1919, Dorris made, executed and delivered a bond for the sum of $1,600 for money loaned to him under the constitution and by-laws of appellant on account of 16 shares of the capital stock owned by him and agreed to repay the same according to the by-laws of appellant; the monthly payments thereon being eight dollars for dues and $16 monthly premium until the capital stock should reach par value. On the same day Dorris signed and delivered a mortgage to appellant on real estate situated in the City of West Frankfort, Illinois, as described in the loan application.

Dorris paid monthly payments for six and one-half years aggregating $1,860.70 on account of said loan and on December 29, 1927, being 28 months in arrears, the board of directors of appellant passed a resolution forfeiting the stock and directing foreclosure proceedings. The answer of Dorris denied all of the allega-

tions of the bill as to the making of the loan, note and mortgage and issuance of the stock certificate and denied all indebtedness; then sets out usury as an affirmative defense; that appellant could only contract for premiums, fines and interest on loans by strict compliance with the building and loan law and its by-laws; that the premium was not fixed according to statute or by-laws; that the premium contracted for amounted to 12 per cent per annum; that the said loan was and is usurious and that the pretended premium was added interest and a shift and device to exact interest in excess of lawful interest.

The decree found that appellant had not by its by-laws dispensed with the loaning of its money for bids in open meeting; that the money loaned was not offered for bids in open meeting nor loaned to the member offering the highest premium for the preference or priority of the right to a loan of said money, and that said loan was usurious and the pretended premium was added interest and a shift and device to exact interest in excess of seven per cent per annum; that Dorris had paid on the loan the sum of $1,860.70 and found that there was nothing remaining due and unpaid on the loan and dismissed the bill for want of equity.

Appellant contends that the record shows that the premium in this case was fixed in strict accordance with the statute and by-laws of the association.

The exemption of homestead and loan associations from the operation of the interest laws applies only to the interests, fines and premiums accruing according to the provisions of the act providing for their organization. *Cobe v. Guyer,* 237 Ill. 568; *Borrowers' & Investors' Building Ass'n v. Eklund,* 190 Ill. 257.

Since the total amount to be paid for the use of the money by the mortgagor Dorris exceeded the legal rate of interest, the transaction in question must be

held to be usurious under the general laws of the State unless the premium required to be paid was determined in the manner provided by the Homestead and Loan Association Act. The modes of determining such premiums are set forth in section 19 of the act, Cahill's St. ch. 32, ¶ 393, and were either by bids for the preference or priority of loans in open meeting, or, if the association had by its by-laws dispensed with the offering of its money for bids in open meeting, by the priority of the application for loans to its stockholders. *Cobe v. Guyer, supra.*

Appellant had not by its by-laws dispensed with the offering of its money for bids in open meeting of the board of directors. Article 8 of appellant's by-laws provides that the board of directors shall, on the fourth Wednesday of each month, offer the preference for the money that may be in the treasury for loan to the highest bidder for priority of right. Appellee Dorris testified that he did not appear before the board and make a bid for preference of the loan in question. On July 3, 1919, appellee signed an application addressed to the board of directors of appellant, for a loan in which it was recited that he had bid for a loan of $1,600 at a premium of one per cent per month, offered as security the real estate in question, and agreed that should the loan be granted by the board of directors, he would comply with the charter and by-laws of the association. On the day of the date of the application the bond and mortgage in question were signed and acknowledged. Sixteen shares of stock of appellant were issued to appellee and by him indorsed, which stock bears date July 15, 1919. Appellant's home office was located at Anna, in Union county, Illinois, and the record shows that appellant had a representative at West Frankfort who supervised loans. The secretary of appellant testified that he did not know whether Dorris came to the office of appellant on

July 3, 1919, and there made the application for loan; that the board did not meet at West Frankfort and that the application was not executed at the office of the company; that Dorris was not at the office of the association in Anna to make his bid and the secretary explained that this was done for the convenience of the borrower, in view of the fact that Dorris lived in West Frankfort; that Dorris wanted a loan and appellant sent a party to look at the property offered for security, the same being sufficient, the borrower was not required to wait until the third Tuesday of the month (being presumably the regular monthly meeting of the board of directors) in order to get his money, but the loan could be closed on that day; that the foregoing was the method of transacting business of appellant away from the home office; that the application, note and mortgage were executed at West Frankfort and not at a meeting of the board of directors of appellant. The by-laws provide that the board of directors shall hold regular monthly meetings on the fourth Wednesday of each month, to loan the money in the treasury, and transact all other business relating to the company.

No record or testimony was offered in' evidence showing that the board, in open meeting, offered the money in the treasury for a loan to the highest bidder for a priority of right as provided for by the by-laws and statute. Where loans are not made upon bids made for the preference or priority of loan, in open meeting of the board of directors, and the association does not offer its money to be loaned for the highest premium which might be bid for it, and the association has not adopted by-laws dispensing with the offering of its money for bids in open meeting, then the premiums upon such loans do not become valid according to the provisions of the building and loan act. *Cobe v. Guyer, supra.*

The decree found that appellant had not by its by-laws dispensed with the loaning of its money upon bids in open meeting of the board; that the money loaned to Dorris was not offered upon bids in open meeting, nor loaned to the member offering the highest premium for the preference or priority of the right to a loan of said money, and the evidence supports these findings of the decree.

Appellant contends that Dorris, having been benefited by receiving the loan from appellant, cannot defend against the premium fixed in the mortgage on the ground of legal informalities or that the powers of appellant were improperly exercised in making the loan. In *Free Home Building, Loan & Homestead Ass'n v. Edwards,* 223 Ill. 126, the method of making loans and charging premiums was prescribed by resolution adopted by the directors, instead of adopting a by-law dispensing with the offering of money for bids in open meeting of the directors, and the Supreme Court held:

"The board of directors had no more power under the statute to adopt such method of making loans than the attorney and secretary of the association would have had, and to hold that because the board of directors adopted and pursued that method for a number of years, during which time appellees negotiated a loan and paid the premiums and interest thereon, would legalize the transaction, would be to nullify the statute. The association is in no better position than it would have been if there had been no statute providing a method of making such loans. The authorities are clear that where a corporation has no power to contract, performance on either side will not give the unlawful contract validity. (*National Home Building and Loan Ass'n v. Home Savings Bank,* 181 Ill. 35.) Usury is prohibited by our statute, and while homestead and loan associations are authorized to charge

more than the rate of interest allowed by our interest laws, they can only do so by a compliance with the act under which they are incorporated. (*Borrowers' and Investors' Building Ass'n v. Eklund,* 190 Ill. 257; *Jamieson v. Jurgens,* 195 id. 86.) It is just as illegal and contrary to public policy for associations like appellant to charge more for a loan than is allowed by our interest laws, without a compliance with the provisions of the statute authorizing them to do so, as it would be to charge a usurious rate in the absence of the statute.''

Appellant further contends that the defense of usury was not sufficiently pleaded by appellee. While the answer is somewhat indefinite in its charges of usury, yet we hold the allegations were sufficient to raise the question of usury and both parties offered evidence relating to the regularity and legality of the method adopted by appellant in the making of the loan in question which would determine whether or not appellant was entitled to lawfully collect the premium in question. No objection was made in the court below that the answer was not sufficiently definite in its charges of usury. The evidence was offered without the objection being made that is now raised for the first time. The only objection made in the trial court to the evidence was that Dorris was estopped in attempting to prove the business, relating to the loan, was transacted in West Frankfort and not at Anna, the home office of appellant. Appellant argues we should indulge in the presumption that Dorris' application for a loan was acted upon in a regular meeting, that it is not necessary for a bidder to be personally present before the board, and it is sufficient if only one person bid for the loan. We cannot indulge in presumptions as to what transpired where the record shows what did occur. There is no competent evidence tending to show there was any attempted com-

pliance by appellant with the statute or its by-laws with reference to the procedure required in order to enable it to lawfully charge appellee with premiums in excess of lawful interest.

It is finally contended that the court erred in not allowing the association interest at seven per cent on the loan. The proof is undisputed that appellee's original loan was $1,600 and that he had repaid to appellant the sum of $1,860.70. So long as any part of the original debt remains unpaid the debtor may insist upon the deduction of the usury and only the balance of the principal, remaining after the application on the principal of all payments, whether of principal or interest, can be recovered. *Cobe v. Guyer, supra.*

We are of the opinion that the decree of the circuit court of Franklin county is in accordance with the law and evidence and that the same should be affirmed.

*Affirmed.*