I. C. Bank and Trust Company, Defendant in Error, v. John R. Geary, Plaintiff in Error.

Gen. No. 36,413.

328

Heard in the third division of this court for the first district at the February term, 1933. Opinion filed March 14, 1934.

HART, FRANK & SHOMBERG, for plaintiff in error; VICTOR P. FRANK, of counsel.

CHADWICK, JOHNSON & JAYNE, for defendant in error; RUDOLPH L. JOHNSON, of counsel.

MR. PRESIDING JUSTICE HALL delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Cook county entered by confession on a judgment note on January 22, 1932. The judgment is for $2,453.74, which includes $195 attorney's fees.

On February 15, 1932, defendant filed a petition asking that the judgment be opened up, that he be allowed to defend, and setting forth among other things that in January, 1929, defendant borrowed from plaintiff the sum of $15,000, executed a note for that amount made payable to plaintiff four months after the date thereof, with interest at the rate of six per cent per annum from the date of the note until paid; that in making the loan plaintiff gave defendant the sum of $14,500, having deducted from the face of the note $200 as a commission for making the loan, and $300 as interest for the period of four months; that from time to time until December 30, 1931, the principal was reduced to $12,500; that during said period defendant paid plaintiff in interest and commissions the sum of $2,385.15, making a total of payments up to and including December 30, 1931, of $14,885.15, and

that at the time of the last payment, plaintiff held two notes of defendant, one dated October 1, 1930, for $2,250, payable December 30, 1930, with interest at the rate of seven per cent after maturity, and one note dated November 30, 1931, for $300, payable on December 30, 1931. It is on the note dated October 1, 1930, that the judgment was taken.

Upon a hearing on defendant's petition, defendant tendered to the plaintiff the sum of $114.85, the difference between the $15,000, the principal of the first note and the amount of payments made, $14,885.15, already paid, in full payment of the amount of the loan of $15,000.

Plaintiff thereupon moved the court to remit the sum of $865 paid by defendant as commissions, and to adjust the interest and attorney's fees on the note, which motion was allowed, and the court entered an order reducing the judgment to the sum of $1,551.32, and denied the petition to vacate and set aside the judgment.

Defendant's position is that under the Interest Act (section 6, ch. 74, Cahill's Revised Statutes, ¶ 6, 1927) the contract between the parties is usurious, and that plaintiff is entitled to recover only the principal sum loaned which—including the tender of $114.85 made in open court—he insists, has been satisfied. There was no dispute as to the payments alleged in the petition to have been made. According to the record, the amounts paid, together with the tender, makes exactly $15,000. Section 6 of the Interest Act (Cahill's Revised Statutes, 1931, ch. 74, ¶ 6, page 1729), in force at the time this loan was made, provides:

"If any person or corporation in this State shall contract to receive, except from a corporation and except with respect to advances of money repayable on demand, to an amount not less than five thousand (5,000) dollars, made and secured as provided in sec-

tion 4 of this Act, a greater rate of interest or discount than seven (7) per cent upon any contract, verbal or written, such person or corporation shall forfeit the whole of said interest so contracted to be received, and shall be entitled only to recover the principal sum due to such person or corporation, and all contracts executed after this Act shall take effect, except contracts for advances of money repayable on demand, to an amount not less than five thousand (5,000) dollars, made and secured as provided in section 4 of this Act, and except contracts in which a corporation shall be the obligor, which shall provide for interest or compensation at a greater rate than herein specified, on account of nonpayment at maturity, shall be deemed usurious, and only the principal sum due thereon shall be recoverable.''

In *Harris v. Bressler,* 119 Ill. 467, suit was brought on three promissory notes, each for the sum of $241.67, with interest at 10 per cent per annum. The pleas filed to the declaration in that case alleged a defense to the entire cause of action, except as to the sum of $66.66, which last mentioned sum was tendered in open court. The defense there made was payment of the debt and usury in the original notes given for the indebtedness for which the suit was brought. On the trial, the court rendered judgment in favor of plaintiffs. On appeal of defendants to the Appellate Court, that judgment was reversed and a judgment rendered in favor of plaintiffs for the sum of $140.57, which judgment was appealed to the Supreme Court from the Appellate Court. Upon the hearing in the Supreme Court, that court adopted the statement of facts made by the Appellate Court as follows:

''That the only cause of action in this cause was a certain promissory note for the sum of $241.67, due in one year after date, payable to Joseph S. Martin, with interest at the rate of ten per cent per annum,

signed by appellants, and indorsed by said Martin to the appellees, long after due. The above note was given to said Martin in only consideration of a note given by appellants to M. S. Henry & Co., for the sum of $427.18, of date July 1, 1858, due in sixty days after date, drawing ten per cent interest after due, and was in fact a renewal of said last mentioned note, which said last mentioned note, after it became due, was, for value, indorsed to one George W. Hoover, with full knowledge on his part, prior to and at the time of indorsement, that the makers, the appellants, claimed, and would insist on, the defense of usury in and to said note so given to said M. S. Henry & Co.; that the said Hoover retained the possession and ownership of said note from the time he obtained it till the giving of the first mentioned note sued on in this case, being some ten years, and was, at the time said new note was given to said Martin, the owner of the said old note and also of the note sued on herein, after it was given the said Martin, being only an accommodation holder of said note; that in taking the new note, no claim or allowance of usury was deducted from the amount of the old note, but the settlement was made as though no usury had existed; that during the time the old note of date of July 1, 1858, was in the hands of said Hoover, the appellants paid, in various payments on said note, all but $58 of the amount of the said note, after excluding the usury contained in the face of the note, and all interest called for by the note after due. It is further found that there was usury contained in the face of the said first note of July 1, 1858, as follows: The payees charge interest from the date of said note (July 1, 1858), to the time the note matured, being sixty days, at the rate of three per cent per month of the amount borrowed, or $25.63, and added it to the amount borrowed into the face of the note, and which made up a portion of

the face value of the note, and that it was a greater rate of interest than ten per cent per annum on each $100, and more than the law allowed, and was in fact usurious. It is found that said Hoover, the person who purchased said note and was the indorser, had notice prior to his purchase and indorsement to him of said note, and at the time thereof had full notice of the said usurious contract in the making and obtaining the said note; that said Martin, the payee of the note sued on, is also chargeable with notice of the said usurious contract at the time the said note was executed to him; that the appellees, also, at and before the said note in suit was sold and indorsed to them, and all persons holding said note prior to the time they held the note, are chargeable with full notice of the existence of usury in the note sued on, as well as the original note, and the right of the defense of usury the appellants had to the note in suit; that the $58 of principal due on the said original note, after deducting the usury contained in the face of the said original note, and all interest after it became due, to the date of the note in suit, and adding ten per cent interest to the said $58 from the date of the said note in suit (January 22, 1872), the amount of interest called for in said last named note, to the date of the judgment rendered herein, is the amount of and comprises the amount of said judgment.'' Because the facts in that case are very similar to the facts in the instant case we have recited them in full. After discussing the several interest and usury acts in force at various times in the State of Illinois, and the Act of 1874, on this question, which act is almost identical with the statute now in force, the Supreme Court further said in the same case:

''The meaning of this section of the statute would seem to be so obvious as to need no construction. It ought to be understood to mean exactly what it says,—

that is, if any person or corporation in this State shall contract to receive a greater rate of interest than is lawful under the statute, such person or corporation shall forfeit the whole interest 'so contracted to be received, and shall be entitled only to recover the principal sum.' How the legislative intention could be expressed with more clearness it is difficult to comprehend.

"This statute has been in force since 1857—now nearly thirty years,—and during that time this court has had frequent occasion to refer to it as applicable to cases being considered. In the early case of *Stockham v. Munson*, 28 Ill. 51, it was said, the act of 1857 declares a forfeiture of the whole interest when a usurious rate has been contracted for, and accordingly it was held, only the principal sum was recoverable. The doctrine of that case has been followed in many cases since that time, and the same rule adhered to, invariably. So in *Hamill v. Mason*, 51 Ill. 488, where the contract was usurious, in referring to *Stockham v. Munson, supra*, it was said, it was held in that case the recovery could only be for the principal sum, without interest, as the statute has so provided. In *Hefner v. Vandolah*, 62 Ill. 483, it was said, as the note, upon its face, bore a greater rate of interest than ten per cent, the whole of the interest was forfeited, under the statute (act of 1857), and only the principal sum due was recoverable. In the case of *Saylor v. Daniels*, 37 Ill. 331, the question made as to usury arose under the act of 1857, and it was there said: '*While it is the rule of this court that usurious interest, once paid voluntarily, cannot be recovered back, yet that rule does not apply when the transaction has not been settled, and the lender brings his action for the recovery of an alleged balance. In such case, the borrower may defend by claiming credit for whatever usurious interest he has paid in the transaction. This is not using*

*the usury law as a sword, but strictly as a shield.'
This case has many features in common with the case
being considered, and the principles stated are con-
clusive upon analogous questions here involved. The
doctrine of this latter case was approved and re-stated
in Mitchell v. Lyman, 77 Ill. 525, where it was said:
'This court, while deciding that usurious interest, vol-
untarily paid cannot be recovered back, holds, still,
that so long as any part of the debt remains unpaid,
the debtor may insist upon a deduction of all usurious
interest paid therefrom.' "* (Italics ours.) (See also
*Anna Loan & Investment Co. v. L. C. Dorris,* 258 Ill.
App. 285; *McGuire v. Campbell,* 58 Ill. App. 188.)

The rule here stated seems to have been followed
by our Supreme and Appellate Courts. It is not dis-
puted in the instant case that the amounts paid and
tendered are all that plaintiff is entitled to have if the
usury act prevails. We hold that it does and that
plaintiff is not entitled to recover interest. The court
was in error in refusing to set aside the judgment by
confession and in refusing to allow defendant to make
his defense on the merits. The judgment is, therefore,
reversed and remanded for a new trial.

*Reversed and remanded.*

WILSON and HEBEL, JJ., concur.